# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 21, 2018

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN A. BOLEN,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0958**  (BOR Appeal No. 2051914)
                         (Claim No. 2016012804)

**AMFIRE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John A. Bolen, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Amfire, LLC, by Sean Harter, its attorney, filed a timely response.

The issue on appeal is the compensability of Mr. Bolen's worker's compensation claim for bilateral carpal tunnel syndrome. The claims administrator denied Mr. Bolen's claim on April 14, 2016. The Office of Judges affirmed the claims administrator in its April 5, 2017, Order. The Order was affirmed by the Board of Review on September 26, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bolen submitted an application for workers' compensation benefits alleging he developed bilateral carpal tunnel syndrome as the result of his work as a continuous mine operator. Prior to the diagnosis of bilateral carpal tunnel syndrome by Syed Zahir, M.D., on September 29, 2015, Mr. Bolen had been diagnosed with hypertension, hypothyroidism and arthritis.

The employee section of the employees' and physicians' report of injury signed by Mr. Bolen on May 8, 2015, states Mr. Bolen injured his hands while working as a continuous mine operator due to the continuous and repetitive use of a remote control. Dr. Zahir completed the

1

physician section of the report on October 8, 2015, and stated Mr. Bolen's diagnosis was bilateral hand and flexor tendon synovitis due to his work.

Christopher Martin, M.D., performed a medical records review on March 10, 2016. Dr. Martin agreed that Mr. Bolen had developed bilateral carpal tunnel syndrome based on the records of Dr. Zahir and the EMG/NCV testing results. However, Dr. Martin did not believe the carpal tunnel syndrome was causally related to Mr. Bolen's employment as a coal miner. Dr. Martin opined, based on his review of Mr. Bolen's job description, that Mr. Bolen was not exposed to segmental vibration. Segmental vibration is the type of vibration that causes carpal tunnel syndrome. Additionally, based on Dr. Martin's direct observation of continuous mine operators who were working in the mine, he noted that a continuous mine operator "holds a remote control box and operates switches with his fingers". The work was repetitive but not forceful and did not involve awkward wrist postures. In his opinion, Mr. Bolen did not experience the type of ergonomic exposures compatible with work-related carpal tunnel syndrome. The claims administrator rejected Mr. Bolen's claim on April 14, 2016, based on Dr. Martin's report.

On September 8, 2016, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. Mr. Bolen provided a history of numbness in both hands for about six or seven years, with more recent loss of grip strength and pain. Mr. Bolen stopped working in 2014 because he developed arthrosis of the shoulder that required surgery. Dr. Mukkamala diagnosed bilateral carpal tunnel syndrome, which he opined was idiopathic in nature. He found the causes of the carpal tunnel syndrome were Mr. Bolen's obesity and hypothyroidism. In his opinion, Mr. Bolen's work as a continuous mine operator did not cause the bilateral carpal tunnel syndrome because it did not involve the use of force and awkward postures that pose an increased risk for the development of carpal tunnel syndrome.

Dr. Zahir prepared a letter to the U.S. Department of Labor regarding Mr. Bolen on September 8, 2016, in which he noted that Mr. Bolen started to have symptoms of pain and numbness in his hands in 2013. Mr. Bolen continued to have the symptoms after he stopped working in 2014. In Dr. Zahir's opinion, Mr. Bolen's occupation was a major contributing factor in the development of the bilateral carpal tunnel syndrome.

In an October 3, 2016, affidavit, Mr. Bolen avowed that his work as a continuous mine operator required him to set bits in the miner, put roof bolts in, shovel belts, operate machines that mine coal, pull cable, hang curtain, and hang ventilation. In his last position he used a continuous miner, hammers, channel locks, shovels, axes, and a bow saw. He used his hands, wrists, and elbows in a forceful and repetitive manner.

Syam Stoll, M.D., performed an independent medical evaluation on December 1, 2016. He noted that even though Mr. Bolen had not worked since October of 2014, his hands had gotten weaker and he continued to have persistent numbness. Dr. Stoll diagnosed bilateral carpal tunnel syndrome. He opined that the bilateral carpal tunnel syndrome was due to hypothyroidism, depression, obesity, and migraines. At the time of his examination, Mr. Bolen had not worked for almost three years, thereby removing the occupational exposure. However,

2

he continued to experience the symptoms, which suggested the cause was not occupational exposure. Dr. Stoll opined that Mr. Bolen's work as a continuous mine operator did not put him at risk for developing carpal tunnel syndrome because the work did not require forceful wrist motion, awkward positioning of the wrist, or the use of vibratory force.

The Office of Judges affirmed the claims administrator's rejection of the claim on April 5, 2017. It looked to West Virginia Code of State Rules § 85-20-41 (2006) for guidance on the causation of carpal tunnel syndrome. It noted that West Virginia Code of State Rules § 85-20-41 lists medical conditions that produce or contribute to carpal tunnel syndrome including diabetes, hypothyroidism, obesity, alcohol abuse, rheumatoid arthritis, and postural abnormalities. Awkward wrist positioning, use of vibratory tools, significant grip force, and high force repetitive movements have also been shown to contribute to carpal tunnel syndrome. After reviewing the reports of Drs. Zahir, Martin, Mukkamala, and Stoll, the Office of Judges noted that the only physician that found the carpal tunnel syndrome was due to Mr. Bolen's work was Dr. Zahir. Drs. Martin, Mukkamala, and Stoll all agreed that Mr. Bolen's work as a continuous mine operator did not subject him to the type of ergonomic exposure expected to cause carpal tunnel syndrome. They also agreed that Mr. Bolen's hypothyroidism contributed to the carpal tunnel syndrome. Therefore, the Office of Judges found that it was more likely than not that Mr. Bolen's bilateral carpal tunnel syndrome was not occupationally induced. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 26, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. There is no question that Mr. Bolen has developed bilateral carpal tunnel syndrome. However, while Mr. Bolen performed repetitive job duties, they were not the type of repetitive actions that lead to the development of carpal tunnel syndrome. Additionally, Mr. Bolen stopped working at least a year prior to the examination by Dr. Mukkamala and almost three years prior to the evaluation by Dr. Stoll. His continued symptoms and complaints after the occupational exposure show the claims administrator was correct in denying Mr. Bolen's claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker